UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-cv-62295

LISA ALLEN,

    Plaintiffs,

v.

BROWARD CHILDRENS CENTER, INC.

    Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LISA ALLEN, brings this action against Defendant, BROWARD CHILDRENS CENTER, INC. to recover overtime compensation, liquidated damages, and costs and reasonable attorneys' fees under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). In support thereof, Plaintiff states as follows:

**PARTIES**

1. Plaintiff is an individual who resides in Broward County, Florida and is a former employee of the Defendant.

2. Defendant, BROWARD CHILDRENS CENTER, INC., is a non-profit organization that provides programs for infants, children, and young adults who are disabled and has offices in Broward County, Florida.

3. Defendant, directly or indirectly acted in the interest of an employer toward Plaintiff at all material times, including without limitation, directly or indirectly controlling the terms of employment and compensation of Plaintiff.

4. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

5. At all times pertinent to this Complaint, Plaintiff's work activities involved commerce such that Plaintiff is covered by individual coverage under the FLSA.

6. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods and/or materials that has been moved in or produced for commerce.

7. Based upon information and belief, the annual gross revenue volume of Defendant was in excess of $500,000.00 per annum at all times material hereto.

8. At all times pertinent to this Complaint, the Defendant was an enterprise in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337, and by 29 U.S.C. § 216(b).

10. Venue is proper pursuant to 28 U.S.C. § 1391. The Court has jurisdiction over Defendant, and in regard to Plaintiff in that the acts from which this lawsuit arises occurred in the Southern District of Florida.

11. Plaintiff began working for the Defendant in May 2019 as a scheduling coordinator.

12. Plaintiff later became a full-time employee who worked as a respite and medical coordinator.

13. Plaintiff was responsible for training staff on how to use performance protective equipment, how to take care of patients, how to deal with difficult parents, and scheduling patient care, among other responsibilities.

14. Plaintiff was a non-exempt employee who was paid by the hour, and at the end of her employment was earning $19.95 per hour.

15. The Defendant required the Plaintiff to clock in and clock out each day.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

16. Plaintiff was regularly scheduled to work forty hours per week; however, she often worked overtime hours for which she was not compensated.

17. The Plaintiff often worked from home after her regular scheduled hours sending emails and making phone calls, which the Defendant was aware of.

18. The Defendant paid the Plaintiff bi-weekly.

19. If the Plaintiff worked more than forty hours in a certain week, the Defendant required the Plaintiff to work less hours in the next week so that the total hours worked for the two-week period was close to eighty hours.

20. The Defendant, however, only paid the Plaintiff her regular hourly rate for all hours worked rather than time and one-half her regular hourly rate for weeks in which she worked more than forty (40) hours.

21. The Plaintiff was also required to be on-call during non-working hours.

22. In 2020 and 2021, Plaintiff was the on-call employee for approximately 169 days straight.

23. While on-call, Plaintiff was responsible for answering the phone and dealing with issues that needed to be addressed during non-working hours.

24. This included, but was not limited to, dealing with supervisors, parents, and patients of the Defendant.

25. Sometimes these calls and associated work did not take up a lot of time, but other times the calls were frequent, came through during all hours of the night, and required Plaintiff to spend several hours each week performing these job responsibilities.

26. The Defendant did not keep track of the Plaintiff's on-call hours or the work she performed while on-call.

27. The Defendant also did not compensate the Plaintiff for her on-call work.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

28. Rather, the Plaintiff earned four (4) hours of paid time off for every week she was on-call.

29. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. § 201-209 by not compensating Plaintiff for all of the hours she worked in excess of forty (40) in one or more workweeks.

30. The records, if any, concerning the number of hours worked and the compensation paid to the Plaintiff are in the possession and custody of Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of the Court to amend the Complaint for damages to set forth the precise amount due to her.

31. Defendant knew and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when it knew or should have known such was due.

32. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

33. Plaintiff is entitled to time and one half of her regular rate of pay for each hour (or part thereof) worked over forty (40) in a work week, along with an equal amount of liquidated damages.

34. Plaintiff has retained the undersigned counsel to represent her in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

35. Plaintiff demands a jury trial.

## **COUNT I – FEDERAL OVERTIME WAGE VIOLATION**

36. Plaintiffs re-allege paragraphs 1-34 above.

37. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

38. By reason of said intention, willful and unlawful acts of Defendants, Plaintiff has suffered damages, plus incurred costs and reasonable attorneys' fees.

39. As a result of Defendant's willful violation of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, LISA ALLEN, demands judgment against Defendants, BROWARD CHILDRENS CENTER, INC. for the payment of all overtime hours at one and one-half her regular rates of pay, liquidated damages and reasonable attorneys' fees and costs of suit, and such further relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues triable as of right by jury.

Dated: December 7, 2022

Respectfully submitted,

**GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
T: (954) 894-3035
E-mail: jauerbach@gallup-law.com

By:   */s/ Jacob Auerbach*
      Jacob Auerbach
      Florida Bar No.: 0084003